UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

WILLIAM E. BAZZELLE, SR., Individually  :   Civil Action No. 1:23-cv-05146-GHW
and on Behalf of All Others Similarly Situated, :
                                        :   CLASS ACTION
                    Plaintiff,          :
                                        :   CLENDON T. RICE'S OPPOSITION TO
        vs.                             :   COMPETING MOTIONS FOR
                                        :   APPOINTMENT AS LEAD PLAINTIFF
NOVOCURE LIMITED, WILLIAM DOYLE,        :
and ASAF DANZIGER,                      :
                                        :
                    Defendants.         :
                                        :
———————————————————————— x

4878-2384-4219.v1

## I.      INTRODUCTION

Five motions were filed seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in this action: (1) Clendon T. Rice; (2) Robert Tammara; (3) Mark Freyermuth and Gary Brundidge; (4) Cheung Family Trust; and (5) James A. Moore.  *See* ECF 34, 30, 17, 22, 25.  On August 22, 2023, Messrs. Freyermuth and Brundidge withdrew their motion. *See* ECF 40.  On August 25, 2023, Mr. Moore withdrew his motion and Mr. Tammara filed a non-opposition to the competing motions. *See* ECF 41, 42.

Based on information contained in the movants' motions, Mr. Rice is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Indeed, Mr. Rice's loss of approximately $521,000 is nearly three times greater than the losses claimed by the other lead plaintiff movants **combined**, and Mr. Rice otherwise meets the Fed R. Civ. P. Rule 23 typicality and adequacy requirements.  Moreover, there will be no "proof" that Mr. Rice is inadequate or subject to unique defenses.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  Accordingly, the competing motions should be denied.  Mr. Rice's motion should be granted.

## II.     ARGUMENT

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "'largest financial interest in the relief sought by the class'"; and (2) who otherwise satisfies the requirements of Rule 23.  *See Gilbert v. Azure Power Glob. Ltd.*, 2022 WL 17539172, at *2 (S.D.N.Y. Dec. 8, 2022) (Woods, J.) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)).  Here, there is no dispute that Mr. Rice possesses the "largest financial interest" in this litigation:

4878-2384-4219.v1

| Movant | Claimed Loss |
|---|---:|
| **Mr. Rice** | **$521,251** |
| Mr. Tammara (filed non-opposition) | $111,055 |
| ~~Messrs. Freyermuth and Brundidge~~ (withdrawn) | ~~$42,187~~ |
| Cheung Family Trust | $21,461 |
| ~~Mr. Moore~~ (withdrawn) | ~~$5,884~~ |

*Compare* ECF 36-3 *with* ECF 32-2, 19-3, 24-2, 27-3.

Because Mr. Rice possesses the greatest financial interest, the next question is whether he "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "In a PSLRA motion to appoint lead plaintiff, the Court considers only whether the proposed plaintiff has made a 'preliminary showing' that two of Rule 23's requirements – typicality and adequacy – are satisfied." *Gilbert*, 2022 WL 17539172, at *3 (citation omitted). Here, there is no question that Mr. Rice is typical and adequate of the putative class. *See* ECF 35 at 3-4.

Indeed, like all putative class members, Mr. Rice purchased NovoCure Limited securities during the Class Period and suffered harm when those securities lost significant value as a result of defendants' alleged wrongdoing. Accordingly, Mr. Rice's claims arise from the same conduct from which other class members' claims arise. As to adequacy, Mr. Rice's interest in the outcome of this case is more than sufficient to ensure vigorous adequacy. There is no evidence of any conflicts between Mr. Rice and the other class members. Moreover, Mr. Rice has evidenced his adequacy by signing a sworn Certification and Declaration. *See* ECF 36-2, 36-4. Indeed, Mr. Rice has more than a decade of investing experience as well as experience working with attorneys. *See* ECF 36-4 at ¶1.

The presumptive lead plaintiff, in this case Mr. Rice, must be appointed unless it is proven that he will not satisfy the typicality and adequacy requirements of Rule 23(a). "[O]nce the

4878-2384-4219.v1

presumption is triggered, the question ***is not*** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (emphasis in original) (citation omitted). Here, there is no dispute that Mr. Rice meets the adequacy and typicality requirements. Mr. Rice has also selected counsel that are highly experienced in securities litigation. *See* ECF 35 at 5-6. Consequently, the "most adequate plaintiff" presumption that lies in Mr. Rice's favor cannot be rebutted.

As such, because none of the competing movants can rebut the most adequate plaintiff presumption, their motions should be denied.

## III.    CONCLUSION

The competing lead plaintiff movants have substantially smaller financial interests than Mr. Rice and cannot rebut the presumption in favor of appointing him as lead plaintiff in this case. As such, their motions should be denied.

By contrast, Mr. Rice has the greatest financial interest and he satisfies the Rule 23 requirements. Accordingly, Mr. Rice's motion should be granted.

DATED:  August 25, 2023                         Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


                                   *s/ David A. Rosenfeld*
                                   DAVID A. ROSENFELD

4878-2384-4219.v1

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 4 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on August 25, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  drosenfeld@rgrdlaw.com

4878-2384-4219.v1

# Mailing Information for a Case 1:23-cv-05146-GHW Bazzelle, Sr. v. NovoCure Limited et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam M. Apton**
  aapton@zlk.com,ecf@zlk.com,jtash@zlk.com

- **Francesca Eva Brody**
  fbrody@sidley.com,nyefiling@sidley.com,francesca-brody-1515@ecf.pacerpro.com

- **Daniel Patrick Chiplock**
  dchiplock@lchb.com,daniel-chiplock-5070@ecf.pacerpro.com

- **Marco Antonio Duenas**
  maduenas@gmail.com,mduenas@saxenawhite.com,jjoseph@saxenawhite.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Deborah Sands**
  dsands@sidley.com,nyefilingnotice@sidley.com,deborah-sands-2025@ecf.pacerpro.com,jdarensbourg@sidley.com

- **Hille R. Sheppard**
  hsheppard@sidley.com,efilingnotice@sidley.com,hille-sheppard-8094@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)