UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| WILLIAM E. BAZZELLE, SR., Individually and on Behalf of All Others Similarly Situated, | : : | Civil Action No. 1:23-cv-05146-GHW |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| NOVOCURE LIMITED, WILLIAM DOYLE, ASAF DANZIGER, and ASHLEY CORDOVA, | : : : | |
| | : | |
| Defendants. | : : | |
| | x | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE EXHIBITS SUBMITTED
WITH DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     ARGUMENT..........................................................................................................2

        A.      The Court Should Strike the ASCO PowerPoint .......................................2

        B.      The Court Should Strike the Insider Sales Materials.................................5

        C.      The Court Should Strike the Analyst Reports...........................................6

        D.      The Court Should Strike the Prescription Exhibits...................................7

        E.      The Court Should Strike the Clinical Trial Entry .....................................8

III.    CONCLUSION......................................................................................................9

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abely v. Aeterna Zentaris Inc.*,
2013 WL 2399869
(S.D.N.Y. May 29, 2013)................................................................................................9

*Arkansas Public Employees Retirement System v. Bristol-Myers Squibb Co.*,
28 F.4th 343 (2d Cir. 2022) .......................................................................................4, 7

*City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*,
2015 WL 1478565
(E.D. Wis. Mar. 31, 2015) ...........................................................................................6

*Colbert v. Rio Tinto PLC*,
824 F. App'x 5 (2d Cir. 2020) ......................................................................................7

*Cortec Indus., Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991)........................................................................................1, 3

*Edison Fund v. Cogent Investment Strategies Fund, Ltd.*,
551 F. Supp. 2d 210 (S.D.N.Y. 2008)...........................................................................3

*Famous Birthdays, LLC v. SocialEdge, Inc.*,
2022 WL 1591723
(C.D. Cal. Apr. 15, 2022)..............................................................................................3

*Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*,
336 F. Supp. 3d 196 (S.D.N.Y. 2018)...........................................................................2

*Glob. Network Commc'ns, Inc. v. City of N.Y.*,
458 F.3d 150 (2d Cir. 2006)..........................................................................................8

*Goel v. Bunge, Ltd.*,
820 F.3d 554 (2d Cir. 2016)..........................................................................1, 2, 5, 6, 7

*Housey v. Proctor & Gamble Co.*,
2022 WL 17844403
(2d Cir. Dec. 22, 2022) .................................................................................................4

*In re AppHarvest Sec. Litig.*,
684 F. Supp. 3d 201 (S.D.N.Y. 2023).............................................................................6

*In re DraftKings Inc. Securities Litigation*,
650 F. Supp. 3d 120 (S.D.N.Y. 2023).............................................................................6

**Page**

*In re Green Dot Corp. Securities Litigation*,
2024 WL 1356253
(C.D. Cal. Mar. 29, 2024) ...................................................................................................8

*In re Keyspan Corp. Securities Litigation*,
383 F. Supp. 2d 358 (E.D.N.Y. 2003) ................................................................................5

*In re OSI Pharms., Inc. Sec. Litig.*,
2007 WL 9672541
(E.D.N.Y. Mar. 31, 2007) ...................................................................................................3

*In re Philip Morris International Inc. Securities Litigation*,
2021 WL 4135059
(S.D.N.Y. Sept. 10, 2021) ...................................................................................................8

*In re Plug Power, Inc. Securities Litigation*,
2022 WL 4631892
(S.D.N.Y. Sept. 29, 2022) ...................................................................................................6

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ..............................................................................................8

*Okla. Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.*,
367 F. Supp. 3d 16 (S.D.N.Y. 2019)................................................................................6, 7

*Roth v. Jennings*,
489 F.3d 499 (2d Cir. 2007)......................................................................................... *passim*

*Sharette v. Credit Suisse Int'l*,
127 F. Supp. 3d 60 (S.D.N.Y. 2015).....................................................................................3

*Stadnick v. Vivint Solar, Inc.*,
2015 WL 8492757
(S.D.N.Y. Dec. 10, 2015)....................................................................................................7

*Sun v. TAL Education Group*,
2023 WL 6394413
(S.D.N.Y. Sept. 29, 2023)....................................................................................................7

*Tung v. Bristol-Myers Squibb Co.*,
2020 WL 5849220
(S.D.N.Y. Sept. 30, 2020)....................................................................................................3

**STATUTES, RULES, AND REGULATIONS**

Private Securities Litigation Reform Act of 1995 ........................................................................2

**Page**

Federal Rules of Civil Procedure
    Rule 12(d) ...............................................................................................................................9

Lead Plaintiff Clendon T. Rice ("Plaintiff") respectfully submits this reply memorandum of law in further support of his motion for an Order striking: (i) the Disputed Exhibits attached to the Declaration of Francesca Brody, dated March 4, 2024, filed in support of Defendants' Motion to Dismiss the Amended Complaint (ECF 65); and (ii) references to, and assertions and arguments based on, the Disputed Exhibits in Defendants' memorandum of law, dated March 4, 2024, submitted in support of their motion to dismiss ("MTD," ECF 64).[1]

## I.      INTRODUCTION

In support of their motion to dismiss the AC, Defendants submitted extraneous materials, the majority of which are not incorporated by reference into the AC, to introduce disputed factual arguments.  As discussed further below, the Disputed Exhibits identified in Plaintiff's motion to strike are inappropriate for consideration at this stage of the litigation because they were not relied upon by Plaintiff, are not subject to judicial notice, or are being submitted for the truth of the matter asserted.[2]

In *Roth v. Jennings*, the Second Circuit held that a court may consider any document "'upon which [the complaint] *solely* relies and which is *integral to the complaint*.'"  489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)) (emphasis and brackets added by *Roth* court).  "A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect'" and "[m]erely mentioning a document in the complaint will not satisfy this standard; indeed, even offering 'limited quotation[s]' from the

---

[1]     Capitalized terms not defined herein have the meaning ascribed to them in Plaintiff's opening memorandum of law, cited herein as "MTS."  ECF 72.  Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Strike, dated May 28, 2024, is cited herein as "MTS Opp."  ECF 76.  Citations are omitted and emphasis is added, unless otherwise noted.

[2]     Plaintiff is no longer seeking to strike Exhibit 6 (NovoCure's February 23, 2023 earnings call transcript) or Exhibit 10 (NovoCure's Form 8-K, dated June 6, 2023).

document is not enough." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).  None of the cases cited by Defendants conflict with *Roth*.  As discussed below, the majority of the Disputed Exhibits are either referenced only briefly in the AC (the Analyst Reports and the ASCO PowerPoint), or not at all (the Insider Sales Materials, the Prescription Exhibits and the Clinical Trial Entry)—and therefore they are not integral to the AC.

Because the Disputed Exhibits cannot be considered integral to the AC, the Court may consider certain eligible documents under the doctrine of judicial notice, "'only to determine *what the documents stated*,' and '*not to prove the truth of their contents*.'"  *Roth*, 489 F.3d at 509 (emphasis in original); *see also Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*, 336 F. Supp. 3d 196, 206 (S.D.N.Y. 2018) ("*Roth* has been reaffirmed time and again by courts in this district").  Even if the Disputed Exhibits were subject to judicial notice—which they are not— Defendants submit them for the truth of the matters asserted therein, to advance inappropriate factual arguments.[3]

For all the reasons discussed herein, the Disputed Exhibits, and all references to, and assertions and arguments based on them in the motion to dismiss briefing, should be stricken.

**II.     ARGUMENT**

**A.     The Court Should Strike the ASCO PowerPoint**

The AC contains only a passing reference to the ASCO PowerPoint (Exhibit 12): "Later that day, the LUNAR trial's lead author, Dr. Ticiana Leal, M.D., presented the trial data, in the form of an abstract, during ASCO's annual meeting." ¶113. *See* MTS at 8.  Therefore, Exhibit 12 clearly is

---

[3]     Defendants mischaracterize Plaintiff's argument related to the PSLRA stay by paraphrasing that "considering the [Disputed Exhibits] would be contrary to the PSLRA discovery stay."  MTS Opp. at 3.  That is not Plaintiff's argument.  Plaintiff instead is pointing out that Defendants are unfairly creating their own set of facts through the inclusion of the ASCO PowerPoint and other Disputed Exhibits, while Plaintiff has no access to discovery under the PSLRA discovery stay while the motion to dismiss is pending.

not a document "upon which [the complaint] *solely* relies and which is *integral to the complaint*." *Roth*, 489 F.3d at 509 (quoting *Cortec*, 949 F.2d at 47) (emphasis and brackets added by *Roth* court).

Defendants' argument that the ASCO PowerPoint is nonetheless "integral" to the AC because it purportedly contained a corrective disclosure (MTS Opp. at 8) is without merit because Defendants fail to point to any statement contained within the ASCO PowerPoint that Plaintiff has alleged was a corrective disclosure. The only arguable disclosure in the slide Defendants cite is the fact that PD-L1 scores were "Unknown*" for "45%" of patients "Overall" (Ex. 12 at 9)—but that was disclosed earlier in the day on June 6, 2023, in NovoCure's press release. ¶111.[4]

Defendants also argue that the ASCO PowerPoint is subject to judicial notice because "Plaintiff raises no question about the authenticity or accuracy of the slide deck, and judicial notice is appropriate for facts '"not subject to reasonable dispute."'" MTS Opp. at 8-9 (quoting *Sharette v. Credit Suisse Int'l*, 127 F. Supp. 3d 60, 75 (S.D.N.Y. 2015)). But Plaintiff does not need to dispute the authenticity or accuracy of the ASCO PowerPoint. Rather, judicial notice is inappropriate for this exhibit because it is not a "matter[] of public record available through a governmental institution such as the SEC." *In re OSI Pharms., Inc. Sec. Litig.*, 2007 WL 9672541, at *5 (E.D.N.Y. Mar. 31, 2007). Indeed, "it is not proper for a court to notice all documents that are merely available." *Id*. And the ASCO PowerPoint was *not* publically available because, as Defendants acknowledge in their declaration, accessing it "requires registration" (ECF 65 ¶13)—plus the payment of a $750.00 fee. *See* Exhibit A, submitted herewith; *see also Famous Birthdays, LLC v. SocialEdge, Inc.*, 2022 WL 1591723, at *3 (C.D. Cal. Apr. 15, 2022) (declining to take judicial notice of documents from defendants' database which imposed a paywall).

---

[4]     Defendants' reliance on *Tung v. Bristol-Myers Squibb Co.*, 2020 WL 5849220, at *6 (S.D.N.Y. Sept. 30, 2020), and *Edison Fund v. Cogent Investment Strategies Fund, Ltd.*, 551 F. Supp. 2d 210, 217 (S.D.N.Y. 2008) fails because in both cases, the courts found that the documents in question, which plaintiffs did not seek to strike, were directly quoted in the complaints.

Defendants attempt to obscure the fact that they are proffering Exhibit 12 for the truth of its contents, by arguing that its purpose is "to show what NovoCure told the market" at the end of the Class Period "about uncertainty and risk" in light of the missing PD-L1 data.  MTS Opp. at 9.  But Defendants' reliance on Exhibit 12 in their motion to dismiss shows otherwise.[5]  Defendants quoted Exhibit 12 in their motion to dismiss for the truth of its assertion that "'[a]vailable PD-L1 data showed no differences between arms'" (MTD at 8 (quoting Exhibit 12 at 9))—and thus to imply that PD-L1 scores were in fact balanced between the treatment and control arms of the trial.  MTD at 8.  If Defendants were merely citing the slide of patients' "Baseline Disease Characteristics" (Ex. 12 at 9) to show "what NovoCure told the market about uncertainty and risk" (MTS Opp. at 9), they would have cited to the analogous slide in NovoCure's June 6, 2023 investor presentation deck, which was not behind a paywall.  That slide consisted of an identical chart, minus the editorial assertion that "[a]vailable PD-L1 data showed no differences between arms[.]"  *Compare* Exhibit 12 at 9 *with* Exhibit B at slide 15, submitted herewith.

In any event, Exhibit 12 confirms that PD-L1 data was unknown for 45% of patients, and for the remaining groups with available PD-L1 scores—which were stratified according to NovoCure's own biased *post-hoc* analysis—only patients with PD-L1 scores of less than 1% *actually* "showed no differences between arms."  Exhibit 12 at 9; MTD at 8.

---

[5]     Defendants place much weight on *Arkansas Public Employees Retirement System v. Bristol-Myers Squibb Co.*, 28 F.4th 343 (2d Cir. 2022), to argue that district courts can "can consider incorporated or integral documents for the truth of their contents."  MTS Opp. at 3.  But as discussed further below, the Disputed Exhibits cannot be considered incorporated by reference to the AC.  Additionally, in *Bristol-Myers*, the Second Circuit rejected plaintiffs' argument that the district court had erroneously ruled that a document was incorporated by reference, since plaintiffs raised no objection to the consideration of the document below, and had therefore waived the argument.  28 F.4th at 352.  Further, *Housey v. Proctor & Gamble Co.*, 2022 WL 17844403, at *2 (2d Cir. Dec. 22, 2022) is inapposite because the seven articles at issue were incorporated by reference, since the complaint "relie[d] principally on [them]."

Because the ASCO PowerPoint is neither incorporated by reference nor a proper candidate for judicial notice, it should be stricken, and Defendants' assertions and arguments based upon it should be disregarded.

### B. The Court Should Strike the Insider Sales Materials

Defendants argue that Exhibits 20-24 are incorporated by reference and integral to the AC, despite conceding that the exhibits are neither "name[d] or quote[d]" in the AC. MTS Opp. at 14. But even if the Insider Sales Materials were relied on in the AC, in order to be incorporated by reference, a document must be one "'upon which [the complaint] *solely* relies and which is *integral to the complaint*.'" *Roth*, 489 F.3d at 509 (emphasis in original); *see also Goel*, 820 F.3d at 559 ("A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'").[6]

Even if the Forms 4 reflecting defendant Cordova's sales (Exhibits 20-22) were incorporated by reference into the AC, Defendants rely on them for an improper purpose—to attempt to rebut the AC's motive allegations. *See* MTD at 38, MTS Opp. at 13-14.[7] Specifically, Defendants assert that: (i) Cordova's sales were made automatically to cover tax liability; and (ii) Doyle did not make any stock sales during the Class Period. *See* MTD at 38, 40. In making these arguments, Defendants improperly ask the Court to credit the Insider Sales Materials for the truth of their contents. This

---

[6] Defendants separately argue that courts consider Forms 4 to examine stock sales beyond those referenced in a complaint and highlight that they are including pre-Class Period SEC filings and trading history that is not referenced in the AC. MTS Opp. at 12-13. But this directly contravenes their argument that the Insider Sales Materials are integral to the AC. *See* MTS Opp. at 14.

[7] Doyle's holdings are not discussed in the AC and therefore, the documents related to his holdings (Exhibits 23-24) cannot be considered incorporated into the AC. And while Defendants rely on *In re Keyspan Corp. Securities Litigation*, 383 F. Supp. 2d 358 (E.D.N.Y. 2003) to argue that Doyle's trading history is relevant, the *Keyspan* court did not consider SEC filings to make its scienter determination. *Id*. at 383.

goes beyond judicial notice because Defendants are not citing the Insider Sales Materials merely for the fact that they exist, but rather, to make factual arguments. *See In re AppHarvest Sec. Litig.*, 684 F. Supp. 3d 201, 239 (S.D.N.Y. 2023) ("the Court may only take judicial notice that these Forms 4 exist, not for the truth of their contents"); *City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*, 2015 WL 1478565, at *5 (E.D. Wis. Mar. 31, 2015) (striking Forms 4 because "it is impossible at this stage of the case for the court to determine whether [the representations contained therein] are correct.").[8]  Accordingly, the Court should grant the motion to strike the Insider Sales Materials.[9]

### C.  The Court Should Strike the Analyst Reports

The Second Circuit has held that "[a] document is integral to the complaint 'where the complaint relies heavily upon its terms and effect'" and "[m]erely mentioning a document in the complaint will not satisfy this standard; indeed, even offering 'limited quotation[s]' from the document is not enough." *Goel*, 820 F.3d at 559.  Exhibits 11, 14, 15 and 16 were each referenced in only one paragraph of the 171-paragraph AC. *See* ¶119 (reference to Exhibit 11); ¶61 (reference to Exhibit 14); ¶62 (reference to Exhibit 15); ¶60 (reference to Exhibit 16).  Despite Defendants' attempt to argue otherwise (MTS Opp. at 10-11), these *are* limited references. *See Okla. Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.*, 367 F. Supp. 3d 16, 28 (S.D.N.Y. 2019)

---

[8]  The cases cited by Defendants do not compel a contrary conclusion.  For example, Defendants rely on *In re DraftKings Inc. Securities Litigation*, 650 F. Supp. 3d 120, 176 (S.D.N.Y. 2023), to argue that the Court should take judicial notice of the Forms 4 and consider the fact that certain sales were made for tax purposes.  But Defendants fail to mention that the *DraftKings* plaintiffs "d[id] not contend that [the tax fund payment] sales were indicative of scienter." *Id*. at 176 n.33.  Additionally, in *In re Plug Power, Inc. Securities Litigation*, 2022 WL 4631892, at *1 (S.D.N.Y. Sept. 29, 2022), plaintiffs did not seek to strike the Forms 4 proffered by defendants.

[9]  Like the Insider Sales Materials, Defendants inappropriately submit Exhibit 5, NovoCure's 2022 Form 10-K for the truth of the matter asserted—that the KEYNOTE B36 pilot study was underway while LUNAR was ongoing—in an effort undermine Plaintiff's scienter allegations. MTD at 42; MTS Opp. at 4.

(finding that references to documents in two paragraphs of the complaint were "insufficient to deem them incorporated by reference").[10]  In their opposition, Defendants fail to even attempt to rebut the holding in *Goel* that these exhibits do not satisfy the Second Circuit's standard for allowing their consideration on the motion to dismiss.  *See* MTS Opp. at 10-12.[11]

Defendants cite *Bristol-Myers*, 28 F.4th 343 and *Colbert v. Rio Tinto PLC*, 824 F. App'x 5 (2d Cir. 2020) for the proposition that courts can take judicial notice of analyst reports.  MTS Opp. at 10-11.  But those cases were limited to holding that it is proper to "take judicial notice of the *fact* that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents" and only "for the fact that the statement was made."  *See Bristol-Myers*, 28 F.4th at 352 (emphasis in original); *Rio Tinto PLC*, 824 F. App'x at 11 n.5 (same).  Defendants go beyond this standard when they use the Analyst Reports to assert that the analysts' opinions were correct with respect to the overall survival benefit for the ICI arm (MTD at 8), the trial design (*id*. at 20), and the potential for skewed results due to an imbalance of treatment vs. control arms (*id*. at 21).

### D.    The Court Should Strike the Prescription Exhibits

Defendants concede that the Prescription Exhibits are not incorporated by reference into the AC (MTS Opp. at 17), and instead attempt to introduce them under the judicial notice doctrine.  *Id*.  But judicial notice only allows for the Prescription Exhibits to be noticed for the fact that they exist,

---

[10]    *Sun v. TAL Education Group*, 2023 WL 6394413, at *1 n.1 (S.D.N.Y. Sept. 29, 2023), cited by Defendants, is inapposite because unlike here, the earnings call transcripts at issue were "*quote[d] from extensively in the AC* and are thus incorporated into the AC by reference."  And in *Stadnick v. Vivint Solar, Inc.*, 2015 WL 8492757, at *1 (S.D.N.Y. Dec. 10, 2015), plaintiffs did not argue that the documents considered by the court were not incorporated by reference.

[11]    Because the Analyst Reports here are not incorporated by reference to the AC, Defendants' attacks on the authority cited by Plaintiff fails.  *See* MTS Opp. at 12 n.12.

not for their truth. *Roth*, 489 F.3d at 509.[12]  The existence of these labels, however, does nothing to advance Defendants' premature truth-on-the-market defense, unless the Court accepts that they gave Doyle a reasonable basis to make certain statements. *See Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006) (reversing district court for accepting public documents from a city agency as true on a dismissal motion because "it is clear that the extraneous documents were used not to establish their existence, but rather to provide the reasoned basis for the court's [dismissal]").  Because Defendants admit that they are relying on the Prescription Exhibits for the truth of their contents, *i.e.*, to attack Plaintiff's scienter allegations (*see* MTS at 17), the Court should not consider them.[13]

## E.    The Court Should Strike the Clinical Trial Entry

Defendants do not dispute that the Clinical Trial Entry (Exhibit 13) is not incorporated into the AC.  MTS Opp. at 16.  Defendants assert that they are using this exhibit to show "market awareness" that "prior treatment with ICIs was not an eligibility requirement" in the LUNAR trial. *Id*. at 18.  But the unremarkable fact that the LUNAR trial's eligibility requirements were publicly available on the ClinicalTrials.gov website is irrelevant, because the AC does not allege that the

---

[12]    In *In re Philip Morris International Inc. Securities Litigation*, 2021 WL 4135059, at *1 (S.D.N.Y. Sept. 10, 2021), the court took judicial notice of the FDA's approval documents, and the scientific reviews associated with those approvals, only for the fact that the FDA approved defendants' device.

[13]    Plaintiff's opening memorandum cites the Ninth Circuit's decision in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), which was recently discussed in *In re Green Dot Corp. Securities Litigation*, 2024 WL 1356253, at *3 (C.D. Cal. Mar. 29, 2024), to highlight the "'concerning pattern in securities cases'" of "'exploitation'" of judicial notice procedures at the pleading stage.  MTS at 4-5.  Tellingly, Defendants dismiss the holdings in a footnote buried within their argument concerning judicial notice of the Prescription Exhibits.  MTS Opp. at 17 n.7. Defendants explain that they "have identified throughout their briefs the facts subject to judicial notice."  *Id*.  But Defendants miss the point and do not address the fact that, by submitting the Disputed Exhibits, they are doing the exact thing the *Khoja* court has criticized—"exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage."  899 F.3d at 998.

enrollment criteria were omitted.  Rather, it alleges that Defendants misled investors about the LUNAR results because the trial failed to show a statistically significant benefit in any group of patients meeting current standards of care, given the results in the actual patient population enrolled. *See, e.g.*, ECF 69 at 30.  Therefore, Defendants have not pointed to a proper purpose for submitting this extraneous exhibit—and in any event, it does nothing to advance their arguments in support of dismissal.[14]

## III.   CONCLUSION

For the reasons set forth above and in his opening memorandum of law, Plaintiff respectfully requests that the Court grant the motion and strike the Disputed Exhibits and all references to, and assertions and arguments based on, the Disputed Exhibits in Defendants' motion to dismiss brief.[15]

DATED:  June 11, 2024                    ROBBINS GELLER RUDMAN
                                                          & DOWD LLP
                                                         SAMUEL H. RUDMAN
                                                         DAVID A. ROSENFELD
                                                         ERIN W. BOARDMAN
                                                         MAGDALENE ECONOMOU


                                                         */s/ Erin W. Boardman*
                                                         ERIN W. BOARDMAN

---

[14]    *Abely v. Aeterna Zentaris Inc.*, 2013 WL 2399869, at *21 (S.D.N.Y. May 29, 2013) fails to support that the Clinical Trials Entry should be included because the accepted documents there were *both* integral to the complaint *and* subject to judicial notice.

[15]    Defendants argue that Plaintiff's alternative request to convert the motion to dismiss to one for summary judgment should be denied because the Disputed Exhibits are properly before the Court.  MTS Opp. at 18 n.9.  Plaintiff has shown, however, that the Disputed Exhibits are not incorporated by reference into the AC, are not appropriate candidates for judicial notice, and/or are inappropriately being submitted for the truth of their contents.  As such, if the Court considers the extraneous materials offered by Defendants, Plaintiff respectfully requests that Defendants' motion to dismiss be converted to a motion for summary judgment and the parties be provided with a reasonable opportunity to conduct discovery.  *See* Fed. R. Civ. P. 12(d).

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
eboardman@rgrdlaw.com
meconomou@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*